Chit. Pl. (12th Amer. Ed.) 228; Com. Dig. tit. "Pleader," C, 29. By these remarks we do not mean to admit that the plea contains any matter foreign to the issue. On the contrary, we are of the opinion, if the statements are true, they are no more than a proper explanation of the nature and circumstances of the charge; and in point of fact, that, if less had been stated, the plea would have been objectionable, on the ground of generality. If the statements of the plea are untrue, they may be denied by the plaintiff in his replication, and we have no doubt that such is his proper remedy.

Complaint is also made that the plea does not fully answer the declaration. None of the authorities, when carefully examined, require any more of the defendant than that his plea should answer the whole substance of the plaintiff's declaration. When the plaintiff has proved the substance of his declaration, he has made out his case; and upon the same ground, and for the same reason, when the pleadings and proofs of the defendant have substantially answered the charge, as laid in the declaration, the defense is complete. 1 Starkie, Sland. & L. 374.

Another ground of complaint is that the plea is wanting in the requisite certainty to apprise the plaintiff of the nature and circumstances of the charge. Courts of justice agree that a plea of justification, in actions of libel and slander, must contain a specific charge set forth with certainty and particularity; and it is sometimes said that the plea ought to state the charge with the same precision as in an indictment. To maintain an action of libel, however, it is not necessary that the publication should impute an actionable offense to the plaintiff. Any writing, picture, or sign which derogates from the character of an individual, by imputing to him either bad actions or vicious principles, or which tends to diminish his respectability and abridge his comforts, by exposing him to disgrace and ridicule, is actionable without proof of special damage. Cooper v. Greeley, 1 Denio, 363; Clark v. Binney, 2 Pick. 115. When the charge is general the defendant is required to state the substantial facts which constitute its elements; and when that condition is fairly fulfilled, he has done all that the law requires to maintain his plea. Such a plea, says Spencer, C. J., in Van Ness v. Hamilton, 19 Johns. 368, must be certain to a common intent. It must be direct and positive in the facts set forth, and must state them with all necessary certainty. All the material facts set forth in the plea must be considered as admitted by the demurrer; and, assuming them to be correctly stated, it is difficult to perceive in what other manner the justification in this case could have properly been interposed. One of the specifications under this head is, the want of a more definite description of the territory claimed to be included in the "circle of professional business" embraced in the contract between

these parties. That phrase is the one employed by the parties in making the contract, and the contract is fully set forth in the plea. Both parties having adopted that description as one suitable to express their intentions, it cannot now be held that it is insufficient to apprise the plaintiff of the nature and circumstances of the charge. Without entering more into detail, we are of opinion that the plea is sufficient, and the demurrer is accordingly overruled.

---

BARROWS, (UNITED STATES v.) See Case No. 14,529.

---

## Case No. 1,059.

### In re BARRY.

[The case reported under this title in Brunner, Col. Cas, 533, 7 Law Rep. 374, 11 Hunt, Mer. Mag. 265. and 136 U. S. 597, note, is the same as In re Barry, 42 Fed. 113. The decision was affirmed in 5 How. (46 U. S.) 103.]

[Cited in Bennett v. Bennett, Case No. 1,318.]

---

BARRY, (BANK OF THE UNITED STATES v.) See Case No. 907.

---

## Case No. 1,060.

### BARRY v. BARRY.

[3 Cranch, C. C. 120.][1]

Circuit Court, District of Columbia. May Term, 1827.

ACCOUNT—PRACTICE—PARTNERSHIP—EVIDENCE.

1. When the accounts of the parties, in an action at law, are referred by the court to an auditor, the party excepting to the report will have the same benefit, at the trial of the issue, (to the extent of his exceptions,) as he would have had if he had formally pleaded or demurred before the auditor, according to the English forms of proceeding in actions of account. What is not excepted to, will be considered as admitted. The auditor's report is of no avail, but to ascertain the points really litigated by the parties.

2. The court will permit only so much of the report to be read to the jury as states the items claimed by either party, and objected to by the other, so as to show what is litigated by the parties.

3. Items of partnership account cannot be recovered in a suit at law by one partner against the other. if the joint concerns have not been settled. The accounts current rendered by each to the other are admissible in evidence, to show, by the admissions of the parties, that the items are not items of partnership account.

4. In an action upon an open account, the plaintiff may give evidence of any item of which the defendant has had reasonable notice; and the exhibiting and filing a claim for a particular item before the auditor, will be considered as reasonable notice of such claim.

5. The proceedings in equity, in a cause in which the present plaintiff and defendant are parties, may be read in evidence, to show that the defendant had charged to another account

[1] [Reported by Hon. William Cranch, Chief Judge.]